UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL GEORGE,<br><br>Plaintiff,<br><br>v.<br><br>ZUNIGA, et al.,<br><br>Defendants. | No. 2:19-cv-2403 KJM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

1

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff asserts that he requires counsel because his case is complex, he is untrained in the law, he takes large doses of psychotropic medication for is psychosis, and counsel would be better able to present his case at trial. ECF No. 14. These reasons fail to demonstrate extraordinary circumstances exist, and to the extent plaintiff appears to assert he suffers from a mental health condition that impairs his ability to represent himself, he has not explained how his condition prevents him proceeding without counsel. Additionally, plaintiff's claim that he requires counsel at trial is premature, as it has not yet been determined whether this case will proceed to trial. Finally, the court has yet to screen the complaint, and will not do so until plaintiff's fee status has been resolved, so it is currently unclear whether plaintiff is likely to succeed on the merits.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 14) is denied.

DATED: February 13, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE