UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL GEORGE,<br><br>  Plaintiff,<br><br>  v.<br><br>ZUNIGA, et al.,<br><br>  Defendant. | No. 2:19-cv-2403 KJM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 22, 2020, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days. ECF No. 17. Plaintiff has filed objections to the findings and recommendations. ECF No. 18. Plaintiff objects for two reasons: (1) he says his medications require he consume food when ingesting them or be forced to endure severe headaches and abdominal pains and therefore the denial of his breakfast and lunch puts him in imminent danger of liver damage, *id. at* 1, and (2) he was unable to pay the full $400.00 required to proceed in this case or respond to the court's orders to do so to avoid dismissal of his case, *see* ECF No. 16, because he was being assisted in his legal matter by another inmate who

was transferred to another prison during the relevant time period, ECF No. 18 at 1–2.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of the pending matter. Having reviewed the file and carefully considered plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by the proper analysis. The court notes the original complaint did not allege the circumstances plaintiff complained of were ongoing. Plaintiff filed his complaint more than four months after the underlying incident occurred, and the complaint did not suggest plaintiff was continuously being denied access to the food he says was necessary for him to take his medication. *Andrews v. Cervantes*, 493 F.3d 1047, 1056–57 (9th Cir. 2007) ("a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the "ongoing danger" standard and meet the imminence prong of the three-strikes exception).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 22, 2020, are adopted in full; and

2. This action is dismissed without prejudice.

DATED: March 23, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

/geor2403.804(2)